UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CAIN,

        Plaintiff,

v.                                    Case No. 12-15582

CITY OF DETROIT et al.,        HON. TERRENCE G. BERG
                                           HON. MONA K. MAJZOUB

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S**
**EX-PARTE MOTION FOR ALTERNATE SERVICE (DKT. 28)**

The Plaintiff in this matter is seeking authorization to use alternate means to serve Defendant Jeffrey Elgert, a City of Detroit police officer. (Dkt. 28.). Defendants Elgert and Adam Verbeke, also a Detroit police officer, were added to Plaintiff's amended Complaint on August 18, 2015.[1] (Dkt. 26.) All Defendants with the exception of Elgert have been served, and no Defendant has made a response to Plaintiff's September 16, 2015 motion for alternate service. All Defendants, including Defendant Elgert, are currently represented by the City of Detroit's Legal Department. (Dkt. 30). As the motion is unopposed, and because oral argument would not be beneficial to the resolution of this motion, the Court will determine the motion without a hearing pursuant to Eastern District of Michigan Local Rule 7.1.

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed-may be served in a judicial district of the United States by following state law for serving

---

[1] This case was administratively closed on July 26, 2013 due to a bankruptcy stay that has since been lifted. (*See* dkts. 19, 24.) The Court reopened this case on August 7, 2015 on Plaintiff's unopposed motion to reopen. (Dkt. 24.)

a summons in an action brought in courts of general jurisdiction." The Federal Rules of Civil Procedure, accordingly, provide that state law is the guide for serving notice to Defendants.

Michigan Court Rule 2.105(I)(1) states that "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." "To obtain permission for alternate service, the plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice. The first point must be established by sufficient facts." *United States v. Szaflarski*, No. 11-10275, 2011 WL 2746138, at *1 (E.D. Mich. July 14, 2011). Plaintiff's counsel has demonstrated that service of process cannot be made by the prescribed means on Defendant by submitting his affidavit of due diligence to the Court in support of his motion. (Dkt. 28, p. 6.)

Summonses were issued for Defendants Elgert and Verbeke on August 18, 2015. (Dkt. 27.) Defendant Verbeke was successfully served on September 10, 2015 (Dkt. 29), but Plaintiff has been unable to serve Defendant Elgert. Plaintiff asserts that Plaintiff's process servers have been unable to serve Defendant Elgert at work and his home address is not readily available to the public because he is a police officer. (Dkt 28, ¶¶ 2-3.)

Plaintiff made repeated requests to the City of Detroit and its police department for clarification as to when and how Defendant Elgert could be served, but Defendants have provided no information that would allow Plaintiff to

2

determine an address where Defendant Elgert may be served. (*Id.* at ¶¶ 4-5.) Because Defendant Elgert is a police officer who is likely to be represented by the City of Detroit Legal Department upon service, Plaintiff requests that substitute service on the City of Detroit Legal Department be permitted in this case. (*Id.* at ¶¶6-9.)

In *Lawrence M. Clarke, Inc. v. Richco Const. Inc.*, 489 Mich. 265, 278-79, 803 N.W.2d 151, 159 (2011), the Court held that "substitute service must be reasonably certain to inform those affected and the means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice." (internal quotations and citations omitted).

Plaintiff's proposed method of service is likely "to accomplish actual notice" because Attorney Robyn J. Brooks of the City of Detroit Legal Department entered an appearance on behalf of all Defendants, including Defendant Elgert, on October 1, 2015. (Dkt. 30.) Plaintiff thus proposes to serve the very same City of Detroit Legal Department that is currently representing all Defendants. Moreover, Defendants have not challenged or opposed Plaintiff's motion. The Court finds no cause to doubt Plaintiff's assertions and can see no way in which the proposed method of service would be prohibited by or contrary to the applicable federal and state law regarding service.

Accordingly, Plaintiff's ex-parte motion for alternate service (Dkt. 28) is **GRANTED**. Plaintiff may serve Defendant Jeffrey Elgert by effecting substituted

service of the summons and amended Complaint on the City of Detroit Legal Department.

**SO ORDERED**.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: October 9, 2015

**Certificate of Service**

I hereby certify that this Order was electronically submitted on October 9, 2015, using the CM/ECF system, which will send notification to each party.

By: s/Kelly Winslow  
Case Manager